### Ex Parte Martin Castorena.

No. 3925.   Decided February 9, 1916.

**1.—Habeas Corpus—Notice of Appeal.**

Where the appeal was dismissed because the record did not show that notice of appeal had been given, but it was afterwards certified that such notice of appeal had been given, the appeal is reinstated.

**2.—Same—Accomplice—Reduction of Bail.**

Where appellant contended that the only testimony against him was by a confessed accomplice, and that therefore appellant should be discharged or his bail reduced, but the record showed that the crime was one of express malice, and the bail was fixed at one thousand dollars, the judgment will be affirmed.

Appeal from the District Court of Cameron.   Tried below before the Hon. W. D. Hopkins

Appeal from a habeas corpus proceeding asking reduction of bail or discharge of relator

The opinion states the case.

*E. K. Goodrich, Robt. A. Kitchen,* and *E. C. Gaines,* for appellant.— Cited Ex parte McConnell, 13 Texas Crim. App., 390.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Inasmuch as the record in this case has been supplemented with a certified copy of notice of appeal, the opinion rendered last week dismissing this cause is withdrawn, and the cause is reinstated.

Appellant insists that, as the only person testifying to facts connecting him with the commission of the robbery and murder is a confessed accomplice, and, therefore, insufficient to sustain a conviction, he should be discharged or his bail reduced. Upon an application to be discharged from an order binding one over to await the action of the grand jury, we look to see if there is testimony tending to connect him with the commission of an offense, and, if so, we have no authority to discharge him from custody. The crime in this case is shown beyond peradventure of doubt by ample testimony, and it is only appellant's connection therewith that is shown by accomplice testimony only. As the crime was a crime upon express malice, doubtless the trial court took into consideration the weakness of the case made against appellant by the State in fixing the bond at only $1000. The crime shown is of that character we would not feel authorized to reduce the bond, for, if appellant should be held to bail at all, the bond is a reasonable one.

Judgment affirmed.

*Affirmed.*